UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80059-CIV-MARRA

MARK OSGOOD,

    Plaintiff,

vs.

DISCOUNT AUTO PARTS, LLC, a foreign
corporation, and ART HELLMERS, individually,

    Defendants.
_____/

## OPINION AND ORDER

This cause comes before the Court upon Defendants' Motion to Transfer Venue (DE 61). Plaintiff responded (DE 62), and Defendants replied (DE 66). The Court has reviewed the briefs and the record and is otherwise advised in the premises.

### I. Background

This case arises out of a January 27, 2012 slip and fall accident in an automobile parts store. Am. Compl., ¶ 6 (DE 21). Plaintiff Mark Osgood ("Plaintiff") filed this suit in state court in Palm Beach County, and it was removed on the basis of diversity of citizenship. (DE 1).[1]

On August 26, 2013, Defendants moved to transfer venue to the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1404(a). In particular, Defendants argue that the accident occurred there, and Plaintiff resides in the Middle District of Florida. Further, the eyewitnesses of the accident and of the store conditions on the day of the fall, the doctors who treated

---

[1] Advance Auto Parts was initially the defendant in this action, but it has been replaced by Discount Auto Parts. (DE 21).

Plaintiff immediately after the accident, as well as Plaintiff's immediate family members who have the most knowledge about his condition are located in that District. According to Plaintiff's Initial Disclosures, Plaintiff resides in Bradford, Florida. (DE 36). Also, Plaintiff received treatment from two healthcare providers in Lake City, Florida, following the accident. *Id.* The store where the accident occurred is located at 160 Southwest State Road 247, Lake City, Florida. Am. Compl., ¶ 6 (DE 21). Bradford and Lake City are approximately 50 and 65 miles[2] away from Jacksonville and within the Middle District of Florida. Bradford and Lake City are approximately 300 and 313 miles away from West Palm Beach, Florida.

Plaintiff responds that the physicians who treated him before and after the subject accident and who will be called to testify at trial are located in Palm Beach County. For example, Plaintiff asserts that he will call Dr. Campbell, an orthopaedic surgeon who performed surgeries on the Plaintiff once in 2007, and twice after the January, 2012 accident; Dr. Lichtblau, a physiatrist, who examined Plaintiff and will testify about the physical impairment that resulted from the subject accident; Dr. Alikan, Plaintiff's primary care doctor who will testify about Plaintiff's medical condition before and after the accident; Dr. Burke, a radiologist, who will testify about the injuries to Plaintiff's spine that preexisted the fall; and Dr. Walker, a neuroradiologist, who will testify about Plaintiff's April, 2013 MRI. (Mot., pp. 6-7). Plaintiff also lists six other Palm Beach County physicians with knowledge of Plaintiff's condition before or after the accident, or both, who may be called to testify at trial. *Id.*

Additionally, Plaintiff asserts that Tracy Osgood, Plaintiff's daughter, Marsha Osgood,

---

[2] The distances specified in this order are taken from Google Maps (driving directions).

Plaintiff's ex-wife, and Lloyd Cunningham, Plaintiff's former father-in-law,[3] reside in Palm Beach County and will be Plaintiff's witnesses with respect to the impact the injuries sustained at the auto parts store had on Plaintiff's life. (Mot., p. 2). Both Marsha Osgood and Lloyd Cunningham assert that they have significant health problems that prevent them from traveling to Jacksonville. Cunningham Aff., M. Osgood Aff. (DE 62). However, Mr. Cunningham also testified that he wasn't aware of Plaintiff's accident until he received the subpoena for the deposition in 2013, *see* Cunningham Dep., pp. 64-68 (DE 66-5), and that he is able to take long car trips, *see id.*, p. 37. Moreover, Marsha Osgood testified that she and Plaintiff divorced approximately in 2006, *see* M. Osgood Dep., p. 10 (DE 66-6), and that she knows of no physical or mental impairment from which Plaintiff suffers, *see id.*, p. 54.

Lastly, Plaintiff argues that the eyewitnesses are Discount Auto Parts' employees whom Defendant will be able to compel to attend the trial, and Mr. Belibasis, who was a customer at the store when Plaintiff fell, will testify through his videotaped deposition. According to Plaintiff's Initial Disclosures, Mr. Belibasis is located in Alachua,[4] Florida. (DE 36). Alachua is approximately 75 miles from Jacksonville, but approximately 286 miles from West Palm Beach.

Defendants reply that Mr. Belibasis' deposition was not noticed for the use at trial, and that they would be prejudiced if they could not cross-examine the only eyewitness who supports Plaintiff's version of the events. Additionally, Defendants argue that six out of seven eyewitnesses are in the Middle District of Florida, and five are in the Jacksonville Division. Finally, Defendants

---

[3]According to the deposition, Mr. Cunningham appears to the father of Plaintiff's current wife, Wanda. Cunningham Dep., pp. 64-68 (DE 66-5).

[4]Plaintiff's Corrected Second Amended Supplemental Rule 26(a)(1) Initial Disclosures state "14941 Northwest 149th Place, Alachova, Florida." (DE 36). However, the correct city is "Alachua."

assert that three of the eyewitnesses are former employees, whom Defendants will not be able to compel to appear. For example, Mr. Tyrone Tillman, who saw Plaintiff's fall, was terminated by the Discount Auto Parts. Tillman Dep., pp. 7, 36, 55 (DE 66-3).

## II. Legal Standard

Defendants move to transfer venue pursuant to section 1404(a) of Title 28. This statute provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (West). The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion. See Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir.1991). The burden is ultimately on the party moving for transfer to establish that another district is a more convenient forum than the plaintiff's chosen forum. Steifel Laboratories, Inc. v. Galderma Laboratories, Inc., 588 F.Supp.2d 1336, 1338 (S.D. Fla. 2008) (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)).

To determine the propriety of transfer to a different district, courts engage in a two-step analysis under section 1404(a). Abbate v. Wells Fargo Bank, Nat. Ass'n, 09–62047–Civ, 2010 WL 3446878, at *4 (S.D. Fla. Aug. 31, 2010). "First, courts determine whether the action could have been brought in the venue in which transfer is sought. Second, courts assess whether convenience and the interest of justice require transfer to the requested forum." Id. In deciding the second step, "courts focus on a number of potential factors including: (1) the convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of unwilling witnesses; (6) the

relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Id., at *5 (citing Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005)).

### III. Discussion

In this case, Defendants seek to transfer this matter to the Middle District of Florida, Jacksonville Division. The Court begins its analysis by determining whether this action could have been brought there in the first instance. Abbate, 2010 WL 3446878 at *4.

An action may be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, Plaintiff's accident occurred in Lake City, which is located in the Middle District of Florida. Thus, this case could have been brought there in the first instance.

Next, the court must "assess whether convenience and the interest of justice require transfer to the requested forum." Abbate, 2010 WL 3446878 at *4. The Court has carefully reviewed all nine factors outlined by the Eleventh Circuit in Manuel and concludes that the interests of justice favor transfer.

**1. Convenience of the witnesses**

"The convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted." Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 987 (E.D.N.Y.1991). "When weighing the convenience of the witnesses, 'a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witness may provide." Fuji Photo Film

Co. v. Lexar Media, Inc., 415 F.Supp.2d 370, 373 (S.D.N.Y.2006) (quoting Herbert Ltd. P'ship v. Elec. Arts, Inc., 325 F.Supp.2d 282, 286 (S.D.N.Y.2004)).

Plaintiff did not identify any eyewitnesses who are located in the Southern District of Florida, and all eyewitnesses that Defendant listed are located in the Middle District. Further, three out of six witnesses who were Defendant Discount Auto Parts' employees are no longer employees, and at least one eyewitness was terminated. Thus, Defendant is not likely to be able to compel their attendance without using the subpoena power, availability of which is discussed below.

Defendant has not yet hired a physician to evaluate Plaintiff pending the Court's resolution of the issue of transfer. (DE 70). Most of the treating physicians are located in Palm Beach County, but the medical professionals who examined Plaintiff immediately after the accident are in the Middle District. While both liability and damages witnesses are important, testimony of multiple eyewitnesses is less likely to be cumulative than the testimony of Plaintiff's proposed five to eleven physicians. Lastly, Marsha Osgood and Lloyd Cunningham are not likely to be important witnesses for the Plaintiff because they testified that they did not have a lot of knowledge about Plaintiff's condition. Accordingly, convenience of the witnesses weighs in favor of transfer.

**2. Location of the evidence**

The "location of the documents and sources of proof" is a neutral factor because both Plaintiff's and Defendants' attorneys are located in the Southern District of Florida, but the premises where the accident occurred are in Lake City.

**3. Locus of operative facts**

The locus of operative facts weighs heavily in favor of transfer because the accident occurred in the Middle District of Florida.

**4. Availability of process to compel witnesses to attend**

Discovery is not an important consideration under this factor because the parties can choose a place of compliance to accord to the terms of the Federal Rule of Civil Procedure 45, which governs subpoenas. However, availability of process to compel attendance at trial should be examined. If Congress takes no action to the contrary, relevant changes to Rule 45 are due to take effect on December 1, 2013. See Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment; Dopson-Troutt v. Novartis Pharm. Corp., 8:06-CV-1708-T-24, 2013 WL 5187914, at *3 n. 2 (M.D. Fla. Sept. 13, 2013).

The current version of Rule 45 requires that service of the subpoena outside of the issuing district occur "within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection."[5] Fed. R. Civ. P. 45(b)(2)(B); see also Chao v. Tyson Foods, Inc., 255 F.R.D. 556, 559 (N.D. Ala. 2009) (quashing trial subpoenas that were not properly served on defendant's employees under Rule 45(b)(2)); Dopson-Troutt, 2013 WL 5187914, at *3 (same). Under this version, proper service upon persons located more than 100 miles of West Palm Beach would be unlikely, and this Court would lack the ability to compel such witnesses to appear.

However, absent contrary action by Congress, at the time of trial the Rule will state that a

---

[5]Rule 45(b) now states, in pertinent part:
(2) Service in the United States. Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:

(A) within the district of the issuing court;

(B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

Fed. R. Civ. P. 45(b).

"subpoena may be served at any place within the United States." Fed. R. Civ. P. 45(b)(2) (effective December 1, 2013), Advisory Committee Notes, 2013 Amendment ("Rule 45(b)(2) is amended to provide that a subpoena may be served at any place within the United States, removing the complexities prescribed in prior versions"). Further, with respect to non-party witnesses who are located in Florida, both versions of Rule 45 allow them to be compelled to appear for trial within this state. See Fed. R. Civ. P. 45(c).[6] Therefore, either Southern or Middle District of Florida will be

---

[6]The Rule currently states, in pertinent part:
(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
. . .

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
. . .

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
Fed. R. Civ. P. 45(c)(3).

Absent contrary action by Congress, Rule 45(c) will state:
(c) Place of Compliance.

(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

    (i) is a party or a party's officer; or

able to compel attendance at trial of Florida-based non-party witnesses. However, non-party witnesses may not be required to incur substantial expenses. Fed. R. Civ. P. 45(c)(3); Fed. R. Civ. P. 45(c)(1)(B)(ii) (effective December 1, 2013).

The majority of Plaintiff's physicians and some of his family members are located in Palm Beach County, but Plaintiff can procure their attendance or testimony, and there is no indication that process will be necessary to compel them to appear at trial. Nevertheless, it is likely that subpoenas will be required to ensure appearances of the Discount Auto Parts' former employees and of Mr. Belibasis, a customer at the store on the day of the accident. These important non-party eyewitnesses are located in the Middle District and will not incur substantial travel expenses if the trial proceeds in Jacksonville. Accordingly, the "ability of process" factor weighs in favor of transfer.[6]

### 5. Convenience of the parties and forum's familiarity with governing law

These factors are evenly balanced. The parties are diametrically opposed on the issue of convenience, and both Courts are equally familiar with the applicable law.

### 6. Relative means of the parties

Defendant Discount Auto Parts is a chain of stores. Plaintiff Mark Osgood is an individual. Discount Auto Parts' means are likely superior to the Plaintiff's. However, Defendant Art Hellmers is also an individual. While Plaintiff likely filed this case in Palm Beach County to avoid paying his

---

      (ii) is commanded to attend a trial and would not incur substantial expense.
Fed. R. Civ. P. 45(c) (effective December 1, 2013).

[6]The amendment will also clarify that "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment. Here, Discount Auto Parts is a Delaware corporation with its principal place of business in Virginia, and Art Hellmers is a resident of Tennessee. Notice of Removal (DE 1). However, there is no suggestion that process will be required to compel Defendants to appear. In any event, both Southern and Middle Districts of Florida may face equal difficulties with compelling out-of-state parties to appear.

physicians for the travel time and to facilitate their availability, many options are now available to the parties and the courts for economical and convenient resolution of disputes. For example, physicians may testify by video conference. This is not a case where Defendant is simply looking to shift the inconvenience onto the Plaintiff who lacks the means or ability to cope with it. Therefore, this is likewise a neutral factor.

**7. Plaintiff's choice of forum**

Generally, the plaintiff's choice of forum is given considerable deference. <u>Robinson v. Giarmarco & Bill, P.C.</u>, 74 F.3d 253, 260 (11th Cir.1996) (plaintiffs' choice of forum should not be disturbed unless it is clearly outweighed by other considerations). However, where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration. <u>Windmere Corp. v. Remington Products, Inc.</u>, 617 F.Supp. 8, 10 (S.D.Fla.1985); <u>Balloveras v. Purdue Pharma Co.</u>, 04-20360, 2004 WL 1202854, at *1 (S.D.Fla.2004); <u>Amazon.com v. Cendant Corp.</u>, 404 F.Supp.2d 1256, 1260 (W.D.Wash.2005); <u>Hernandez v. Graebel Van Lines</u>, 761 F.Supp. 983, 987 (E.D.N.Y.1991) ("where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and is in fact given reduced significance").

In this case, the accident occurred in the Middle District, and Plaintiff's choice to file this suit in Palm Beach County, which led to the removal of the case to the Southern District of Florida, does not command a lot of deference.

**8. Trial efficiency and the interests of justice**

This factor weighs in favor of transfer because majority of the witnesses are located in the

Middle District, and holding the trial in Jacksonville will be more efficient. Overall, four factors are neutral, and five factors weigh against proceeding to trial in the Southern District of Florida. The "location of documents and other sources of proof," the "convenience of the parties," the "relative means of the parties," and the "forum's familiarity with the governing law" factors are neutral. However, the "convenience of witnesses," the "locus of operative facts," the "ability of process to compel the attendance of unwilling witnesses," the "weight accorded a plaintiff's choice of forum," and the "trial efficiency and the interests of justice" factors favor transfer.

Ultimately, this is a case about a slip and fall in the Plaintiff's local auto parts store. The accident occurred in the Middle District, Plaintiff resides there, Plaintiff received his initial treatment there, and most of the witnesses are located there. Thus, after weighing and balancing all of the factors, the Court concludes that transfer to the Middle District, Jacksonville Division, is appropriate.

### IV. Conclusion

Accordingly, for the reasons outlined above, it is hereby **ORDERED AND ADJUDGED** that this case is **TRANSFERRED** to the Middle District of Florida, Jacksonville Division.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of October, 2013.

KENNETH A. MARRA
United States District Judge