**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARK OSGOOD,

    Plaintiff,

vs.                                                              Case No. 3:13-cv-1364-J-34PDB

DISCOUNT AUTO PARTS, LLC, a Foreign
Corporation and ART HELLMERS,

    Defendants
_____

**ORDER**

**THIS CAUSE,** is before the Court sua sponte, after having been transferred by the United States District Court for the Southern District of Florida to this venue on October 31, 2013. (See Doc. 72; 10/31/13 Venue Order). Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Plaintiff originally brought this premises liability negligence action by filing a two-count Complaint in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on December 11, 2012. (Doc. 1-2; Complaint). Plaintiff Mark Osgood ("Osgood") named as defendants Advance Auto Parts, Inc. and Art Helmers ("Helmers"). On January

18, 2013, Defendant Advance Auto Parts, Inc. removed the action to the United States District Court for the Southern District of Florida, alleging that complete diversity of citizenship existed between the parties, and that the amount in controversy exceeded the federal court's jurisdictional requirement of $75,000. (Doc. 1; Notice of Removal at 1-2). Defendant Advance Auto Parts, Inc. alleged that Plaintiff Osgood was a citizen of the state of Florida, id. at 2-3, and that it was "incorporated under the laws of Delaware with its principal place of business in Roanoke, Virginia," and thus for diversity jurisdiction purposes was deemed to be a citizen of those two states. Id. at 3 (citing 28 U.S.C. § 1332(c)(1)). Although noting that Defendant Art Hellmers ("Hellmers") had not yet been served,[1] Advance Auto Parts, Inc. alleged that Hellmers was "a resident, domiciliary and citizen of Tennessee." Id. Thus, Defendant alleged that complete diversify of citizenship existed between Plaintiff and Defendants. Id. Additionally, while Osgood's Complaint alleged only that the damages sought exceeded $15,000.00, Complaint ¶ 1, Defendant Advance Auto Parts, Inc. asserted that Plaintiff made a demand for damages on October 17, 2012, in the amount of $850,000.00, that included $169,810.75 in past medical bills, and a prognosis which allegedly will necessitate significant future medical care. Notice of Removal at 10.[2] The Court

---

[1] "The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." Johnson v. Wellborn, P.A., 418 F. App'x 809, 815 (11th Cir. 2011)(citing Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1208 (11th Cir. 2008)).

[2] In a removal case, "[w]here the plaintiff has not plead[ed] a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." Kirkland, 243 F.3d at 1281 n.5; see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). In such a case, "'removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" Pretka, 608 F.3d at 754 (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001))(alteration in Pretka); see also Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir.

(continued...)

determines that federal diversity of citizenship existed at the time of removal.  See Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011)("The existence of federal jurisdiction is tested as of the time of removal.").

On March 18, 2013, Plaintiff filed a motion for leave to amend the Complaint, to drop Advance Auto Parts, Inc. as a named defendant, and substitute Discount Auto Parts, LLC. (Doc. 16; Motion to Amend).  In support of the Motion to Amend, Osgood alleged that "Defense counsel recently informed Plaintiff's counsel that Advance Auto Parts, Inc. did not own or operate the the subject premises.  Defense counsel has confirmed that the owner of the store and premises at the time of the subject accident was Discount Auto Parts, LLC." Id. Counsel for Advanced Auto Parts, Inc. did not oppose the request.  Id.  The Court granted the Motion to Amend, (Docs. 17, 20), and on March 21, 2013, Plaintiff filed a two-count Amended Complaint, (Doc. 21; Am. Complaint), which is currently the operative complaint.

In light of the posture of this case, and the allegations of the Amended Complaint, the Court questions whether it indeed has diversity of citizenship jurisdiction over this action.  The style of the Amended Complaint reflects that Osgood has named "Discount Auto Parts, LLC,

---

[2](...continued)
2000).  If "'not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.'" Pretka, 608 F.3d at 754 (quoting Williams, 269 F.3d at 1319); see also Sierminski, 216 F.3d at 949.

Demand letters and settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction.  See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). "Instead, courts have analyzed whether demand letters merely 'reflect puffing and posturing,' or whether they provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'" Id. (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F.Supp.2d 1279, 1281 (S.D. Ala. 2009)).  Here, given the Plaintiff's representation in his demand letter that he had thus far incurred $169,810.75 in medical bills, (see Doc. 1-8; Demand Letter), the Court determines that at the time of removal, Defendant Advance Auto Parts, Inc. had met its burden of establishing the requisite amount in controversy.

a Foreign Corporation," and Hellmers as defendants. Am. Complaint at 1. Osgood alleges that "[a]t all times material hereto, Defendant DISCOUNT AUTO PARTS, LLC, was a Virginia based corporation performing business throughout the State of Florida." Id. ¶ 2. Given these conflicting allegations, it is unclear whether Defendant Discount Auto Parts, LLC, is a corporation or a limited liability company. Thus, as Plaintiff has pled, it is impossible for the Court to determine which standard is applicable to ascertain Discount Auto Parts, LLC's citizenship for purposes of diversity jurisdiction.[3]

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). A corporation, however, "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010); Flintlock Constr. Serv., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013). Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1). Here, as Plaintiff identifies Defendant Discount Auto Parts, LLC as both an LLC and a corporation, the Court is unable to determine the defendant's citizenship. As such, clarification is necessary to establish this

---

[3] The fact that the Court may have had diversity of citizenship jurisdiction at the time of removal is not dispositive. After removal based upon diversity of citizenship, the addition of a non-diverse defendant destroys subject matter jurisdiction. See Ingram v. CSX Transp., Inc., 146 F.3d 858, 861-62 (11th Cir. 1998); 28 U.S.C. § 1447(e).

Court's diversity jurisdiction. First, Plaintiff must specify whether Defendant Discount Auto Parts, LLC is an LLC or a corporation. If, indeed, Discount Auto Parts, LLC is a corporation, then Plaintiff must identify every state by which it has been incorporated, and the state of its principal place of business. If Defendant Discount Auto Parts, LLC is, in fact, an LLC, Plaintiff must establish the citizenship of each of Discount Auto Parts, LLC's members.[4]

Additionally, upon review, the Court finds that the Amended Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Count II of the Amended Complaint incorporates by reference all allegations of the preceding count. See Am. Complaint ¶ 13.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009)("We have had much to say about shotgun pleadings, none of which is favorable.")(collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose

---

[4] Plaintiff is advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure ("Rules").  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

Finally, the Court notes that at least two motions are pending before the Court: Plaintiff's Motion For Modification Of Scheduling Order And For Leave To File A Second Amended Complaint (Doc. 67); and Defendants Discount Auto Parts, LCC [sic] And Art Hellmers' Partially Unopposed Motion For Modification Of Order Setting Trial Date And Discovery Deadlines (Doc. 70).  The parties are directed to advise the Court whether any other motions await resolution by the Court.  However, the Court will defer ruling on any pending motions until its jurisdiction over this action has been established.

In light of the foregoing, the Court will give the parties an opportunity to provide the Court with additional information to establish the citizenship of Defendant Discount Auto Parts, LLC, and this Court's diversity jurisdiction over the instant action.[5]  Additionally, the

---

[5]  The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th
(continued...)

Court will require Plaintiff to file an amended complaint curing the shotgun nature of the operative complaint.  In doing so, Plaintiff is cautioned not to make any changes to the substantive allegations or add any parties.  The Court is cognizant of the opposed pending motion seeking leave to make such changes.

Accordingly, it is hereby

**ORDERED**:

1.     Plaintiff and Defendants shall have up to and including **December 2, 2013**, to provide the Court with sufficient information to determine whether it has diversity jurisdiction over this action.

2.     Plaintiff's Amended Complaint (Doc. 21) is **STRICKEN**.

3.     Plaintiff shall file an amended complaint, curing the shotgun pleading only, on or before **December 2, 2013**.[6]  Failure to do so may result in dismissal of this action, without prejudice.

4.     Defendants shall respond to any amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

---

[5](...continued)
Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

[6]  The Court's directive set forth in this Order shall not be construed as granting or addressing the matters raised by Plaintiff's Motion For Modification Of Scheduling Order And For Leave To File A Second Amended Complaint, (Doc. 67), which remains pending.

5. The parties shall to advise the Court of all motions which are currently pending, by filing a joint **Notice** on or before **November 25, 2013**.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of November, 2013.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc12

Copies to:
Counsel of Record

-8-